CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:19CR00006 |
| v.  ) | **OPINION** |
| ) | |
| **JIMMY MICHAEL SHUPE,** ) | Judge James P. Jones |
| a/k/a **Booger,** ) | |
| ) | |
| Defendant.  ) | |

*Jimmy Michael Shupe, Pro Se Movant.*

The defendant, previously sentenced by this court, has filed a self-styled Motion Pursuant to Rule 60(b). Shupe is challenging the validity of his confinement pursuant to a judgment of this Court, and I will thus treat his motion as arising under 28 U.S.C. § 2255. Upon consideration of the motion and the record, I conclude that the motion must be summarily dismissed.[1]

Shupe was convicted by a jury of conspiring to distribute and possess with intent to distribute methamphetamine and sentenced on February 27, 2020, to 240 months imprisonment. His timely appeal was unsuccessful. *United States v. Shupe*, No. 20-4200, 2022 WL 3278940 (4th Cir. Aug. 11, 2022) (per curiam)

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that the movant is not entitled to relief.

(unpublished). The court of appeals issued its mandate on September 2, 2022. Shupe did not seek certiorari from the Supreme Court.

Shupe certified under oath that he deposited his motion in the prison mailing system on September 15, 2025. In the motion, he argues that (1) certain Facebook records were erroneously admitted at his trial; (2) the Court failed to make particularized findings for the drug type and quantity attributable to him for sentencing purposes; (3) the proof at trial failed to support the existence of a single conspiracy; and (4) the sentencing guidelines have been changed in his favor in regard to role and mitigating circumstances.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It is clear that Shupe's motion is untimely.  In any event, on his direct appeal the court of appeals fully discussed and rejected his contentions asserted in points (1) and (2).  The record plainly negates his third contention as found by the jury based on the Court's instructions.  Finally, the Court in fact varied below the applicable guideline range (360 months to Life) to his mandatory minimum sentence based in part on his role in the offense.  Statement of Reasons 1, Dtk. No. 821.

Accordingly, I will summarily dismiss the motion.

A separate Final Order will be entered herewith.

DATED: October 21, 2025

/s/ JAMES P. JONES
Senior United States District Judge